MEMORANDUM **
Frank Trujillo, Jr., appeals the district court’s grant of summary judgment in favor of Defendant-Appellee, the United States Postal Service (“USPS”). Trujillo claims the USPS discriminated against him on the basis of his disability and retaliated against him for filing a complaint with the Equal Employment Opportunity Commission (“EEOC”). We affirm the district court. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.
I
The district court correctly granted summary judgment on Trujillo’s claims of *139 disability discrimination and failure to accommodate under the Rehabilitation Act of 1973. 29 U.S.C. § 701 et seq. Assuming without deciding that Trujillo satisfied his burden to establish a prima facie case of disability discrimination under the Rehabilitation Act, we conclude that the district court correctly held that the USPS articulated a legitimate, nondiseriminatory reason for its decision to terminate him, but that Trujillo was unable to tender sufficient evidence of pretext to avoid summary judgment. See Leong v. Potter, 347 F.3d 1117, 1124 (9th Cir.2003) (reciting standard).
Trujillo presented no evidence that the USPS based its decision to terminate him on his known disabilities. Rather, the evidence shows primarily that Trujillo’s supervisor was upset with him for being repeatedly late or absent. It is true that, generally, “conduct resulting from a disability is considered to be part of the disability, rather than a separate basis for termination.” Humphrey v. Mem’l Hosps. Ass’n, 239 F.3d 1128, 1139-40 (9th Cir.2001). This rule includes excessive absenteeism related to the disability. Id. However, Trujillo did not show that his absences were related to his known disabilities of cluster headaches or depression. Rather, the specific explanations he provided to the USPS did not involve either condition, but other unrelated circumstances. Therefore, Trujillo failed to show that the USPS’s decision to terminate him for chronic absenteeism was related to his disability.
Additionally, even assuming the extensive and unscheduled leave sought beginning in December 1999 was for treatment of depression, Trujillo failed to meet his initial burden of demonstrating that such leave was an “accommodation [that] would, more probably than not, have resulted in his ability to perform the essential functions of his job.” Mustafa v. Clark County Sch. Dist. 157 F.3d 1169, 1176 (9th Cir.1998) (quoting Buckingham v. United States, 998 F.2d 735, 742 (9th Cir.1993)). In contrast to the plaintiff in Criado v. IBM Corp., 145 F.3d 437, 444 (1st Cir.1998), Trujillo had already been granted significant leave time to treat his depression, but such accommodation failed to stem Trujillo’s absenteeism. See Kimbro v. Atl. Richfield Co., 889 F.2d 869, 879 n. 10 (9th Cir.1989) (noting that if a disabling condition had recurred after return from an initial accommodation leave, “the fact that an accommodation ha[d] been attempted and was unsuccessful ... [may] prove dispositive in determining whether failure to permit subsequent leave constituted failure to make a reasonable accommodation”). Therefore, the district court properly granted summary judgment on Trujillo’s accommodation claim.
II
The district court also properly granted summary judgment on Trujillo’s retaliation claim. Construing the facts in the light most favorable to Trujillo, the record supports the conclusion that he established a prima facie ease of retaliation. See Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir.2000) (requiring a defendant to show that: “(1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action.”). Trujillo engaged in a protected activity by filing a complaint with the EEOC; he was subjected to adverse employment action when the USPS terminated him; and he testified that his supervisor had recently threatened to fire him for involving the supervisor in a complaint, regardless of “what the ADA said.” We may infer a causal link from “proximity in time between the pro *140 tected action and the allegedly retaliatory employment decision.” Id. at 1244.
The burden then “shifts to the defendant to articulate a legitimate nondiscriminatory reason for its decision.” Id. In response, the USPS presented evidence that Trujillo was terminated due to his excessive absences, which were documented in the record. Thus, the USPS satisfied its burden.
The plaintiff then “bears the ultimate burden of demonstrating that the reason was merely a pretext for a discriminatory motive.” Id. Trujillo asserts that his supervisor resented him for filing an EEOC complaint and wanted to terminate him. However, Trujillo failed to present sufficient evidence to raise a genuine factual dispute as to whether the USPS actually terminated him for these reasons, rather than its stated reason of his chronic absenteeism.
Trujillo’s pretext argument relies on evidence that the USPS did not terminate other employees for being tardy or absent. However, he presented no evidence that those employees were under an 18-month Letter of Warning, as he was, or had been terminated and reinstated on three prior occasions, as he had. Therefore, the district court did not err in concluding that those employees were not “similarly situated” to Trujillo. See Leong, 347 F.3d at 1124 (holding the employee’s “proposed comparators are not similarly situated because they were not subject to” a disciplinary agreement like the employee was). This evidence was therefore insufficient to raise a genuine factual dispute for trial.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.